# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LISA RALEY,

        Plaintiff,

v.

CALIFORNIA COMMERCIAL CAPITAL,

        Defendant.

2:11-CV-303 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Lisa Raley's motion for default judgment against defendant California Commerical Capital. (Doc. #9).

Pursuant to Federal Rule of Civil Procedure 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule.

Here, defendant has been duly served (*see* doc. #6), but has failed to respond to the complaint. Accordingly, plaintiff applied to the clerk of the court for entry of default against defendant on April 13, 2011 (doc. #7), and the clerk entered default on April 14, 2011, (doc. #8).

Upon entry of default, the complaint's factual allegations regarding liability are taken as true, and only allegations relating to damages must be proven. *TeleVideo Sys., Inc. v. Heidenthal*, 826

**James C. Mahan**
**U.S. District Judge**

1  F.2d 915, 917–18 (9th Cir. 1987). Here, plaintiff alleges that defendant made a false representation in connection with the collection of a debt and threatened to engage in actions that the defendant did not intend to take. (Doc. #1 at ¶ 12). Accordingly, plaintiff asserts an entitlement to statutory damages, pursuant to 15 U.S.C. § 1692k,[1] in the amount of $1,000. Taking plaintiff's factual allegations as true, plaintiff has proven allegations relating to damages.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment against defendant California Commerical Capital (doc. #9) be, and the same hereby is, GRANTED. Plaintiff shall prepare an appropriate judgment for the court's review and signature.

DATED July 26, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] This law entitles a person to recover, under subsection (a)(2)(A), not more than $1,000 where a debt collector fails to comply with any provision of the subchapter. The complaint appropriately cites 15 U.S.C. § 1692e(5), which makes threatening to take any action that cannot legally be taken or that is not intended to be taken a violation, and 15 U.S.C. § 1692e(10), which makes the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer a violation. Plaintiff also cites 15 U.S.C. § 1692e(11), as each email correspondence to announce that it was from a debt collector.

**James C. Mahan**
**U.S. District Judge**

- 2 -